# IN THE COURT OF APPEALS OF IOWA

No. 14-0333
Filed July 16, 2014

**IN THE INTEREST OF
J.L.-S. and C.L.-S.,
    Minor Children,**

**A.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

A mother appeals the termination of her parental relationship with her two daughters. **AFFIRMED.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Matthew Wilber, County Attorney, and Dawn M. Landon, Assistant County Attorney, for appellee.

David Larson of Hanson, Sulhoff & Larson, Avoca, attorney and guardian ad litem for minor children.

Vanessa Strazdas, Council Bluffs, for father.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

The juvenile court terminated the parental rights of a mother, Anna, to her two daughters, C.A.L.-S. (born in February 2012) and J.M.L.-S. (born in December 2012). The court focused on Anna's unaddressed mental health concerns, her substance abuse, and her volatile relationship with the children's father.[1] On appeal, Anna contends the statutory grounds for termination have not been met and termination is not in the girls' best interests. She also asks for a remand to allow the Department of Human Services (DHS) to make reasonable efforts to reunify her family.

We review de novo proceedings terminating parental rights. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). We will uphold an order terminating parental rights only if there is clear and convincing evidence of grounds for termination. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

The juvenile court rested its termination decision on five statutory bases: Iowa Code sections 232.116(1)(d), (e), (h), (i), and (k) (2013). "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

To terminate Anna's parental rights under paragraph (h), the State must prove by clear and convincing evidence C.A.L.-S. and J.M.L.-S. were three years

---

[1] The court also terminated the parental rights of the father, Juan, who is not a party to this appeal.

old or younger, had been adjudicated children in need of assistance (CINA), had been removed from the parent's care for at least the last six consecutive months, and cannot be returned to the parent's custody under Iowa Code section 232.102 at the present time. The first three of these prongs are not in dispute. Anna contests only the last element—that she could not presently resume custody of her daughters. She asserts in her petition on appeal: "there was absolutely no evidence" presented her daughters could not be returned to her care at the present time.

"At the present time" means the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). Children cannot be returned to their parent under section 232.102 if by doing so they would be exposed to any harm amounting to a new CINA adjudication. *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) (explaining the threat of probable harm will justify termination). In this case, Anna received notice of the termination hearing yet failed to appear.[2] At the termination hearing, Anna was represented by counsel, who had not heard from her client that day. Counsel moved to continue, but the court denied the motion. Anna does not challenge the denial of a continuance on appeal. At the termination hearing, Anna's attorney did not object to any evidence presented by the State, offer any evidence on Anna's behalf, or raise any specific issues.

The State presented evidence from the DHS at the hearing that Anna, who has been diagnosed with bipolar disorder and ADHD, was not taking her

---

[2] She received notice by publication and return of service. The record also shows the juvenile court personally informed her of the date and time of the termination hearing at the January 27 review hearing.

medications with consistency. She missed recent drug screens and reported to a case worker that she had been getting "high" on a daily basis. Anna also continued to have physical altercations with the children's father and the parents discontinued their counseling sessions. The Family Safety, Risk, and Permanency service provider reported the parents struggled to follow through with parenting suggestions offered during supervised visitations.

By not showing up at the termination hearing and not informing counsel of her whereabouts, Anna displayed her instability and lack of commitment to the welfare of her children. Anna's counsel failed to explain or counterbalance any of the State's evidence at the hearing. The State's uncontested exhibits were sufficient to show, by clear and convincing evidence, the children could not be returned to Anna's care at the present time. We affirm the termination based on section 232.116(1)(h).

Even when the State has proved a statutory ground for termination, the court should only terminate the parent's rights if it is in the best interest of the children. *In re P.L.*, 778 N.W.2d 33, 35 (Iowa 2010). The best-interest decision depends on the factors in section 232.116(2), including the children's safety, the best placement for their long-term nurturing and growth, and their physical, mental and emotional condition and needs. These children have spent the majority of their lives in the care of their grandmother. Both children were healthy, meeting developmental milestones, and bonded with their grandmother and her husband. The DHS case manager recommended the grandmother

complete an adoptive home study. Moving toward such a permanent placement is in the best interest of these children.

Finally, Anna argues the matter should be remanded for the juvenile court to require the DHS to make reasonable efforts to reunify her family. The DHS is required to make every reasonable effort to return children home, consistent with their best interests. Iowa Code § 232.102(7); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Reasonable efforts are not a "strict substantive requirement of termination." *Id.* If a parent does not request additional services at an appropriate time, the argument that DHS did not make reasonable efforts may be waived. *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Anna does not identify what additional or alternative services would have increased her parenting skills. Our de novo review of the record shows the DHS made reasonable efforts to reunite Anna with her children. We decline her invitation to remand this case.

**AFFIRMED.**